Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000905
26-FEB-2018
09:33 AM

NO. CAAP-17-0000905

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

YVONNE DUCOSIN, Appellant-Appellant
v.
HAWAII PUBLIC HOUSING AUTHORITY, Appellee-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-2230)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction under Hawaii Revised Statutes (HRS) § 641-1(a)(2016) to review Appellant-Appellant Yvonne Ducosin's (Ducosin), pro se, appeal in CAAP-17-0000905 from the Oahu Eviction Board's November 1, 2017 amended findings of fact, conclusions of law and decision (the November 1, 2017 amended decision) regarding Appellee-Appellee Hawai'i Public Housing Authority's (State Public Housing Authority) decision to evict Ducosin from public housing, because the circuit court, the Honorable Keith K. Hiraoka presiding, is presently reviewing the November 1, 2017 amended decision in Civil No. 16-1-2230-12, and the circuit court has neither announced its final decision nor entered a final judgment.

When an aggrieved party seeks review of an agency decision, "[e]xcept as otherwise provided herein, proceedings for review shall be instituted in the circuit court, or, if applicable, the environmental court[.]" HRS § 91-14(a) (2012 & Supp. 2017). Ducosin's appeal, initially from the Oahu Eviction Board's original decision, is still pending before the circuit court for a final decision and judgment on the Oahu Eviction Board's November 1, 2017 amended decision in Civil No. 16-1-2230-12. The circuit court's July 3, 2017 order and July 14, 2017 amended order temporarily remanded this case to the Oahu Eviction Board with instructions for Ducosin to submit additional evidence at a new hearing before the Oahu Eviction Board. The circuit court ordered the temporary remand pursuant to HRS § 91-14(e) (2012 & Supp. 2017), which authorizes a temporary remand before the circuit court holds its hearing on the merits of an administrative appeal:

> (e) If, <u>before the date set for hearing</u>, application is made to the court for leave to present additional evidence material to the issue in the case, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper. <u>The agency may modify its findings, decision, and order by reason of the additional evidence and shall file with the reviewing court, to become a part of the record, the additional evidence, together with any modifications or new findings or decision</u>.

(Emphases added). The circuit court did not reduce its HRS § 91-14(e) temporary remand orders to a final decision in a separate judgment. We note that HRS § 91-14(g) (2012 & Supp. 2017) authorizes the circuit court, "<u>[u]pon review of the record</u>," to vacate and remand an administrative agency's final decision as the circuit court's final decision and final judgment in the administrative appeal:

> (g) <u>Upon review of the record, the court may</u> affirm the decision of the agency or <u>remand the case with instructions for further proceedings</u>; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
> (1) In violation of constitutional or statutory provisions;

    (2)    In excess of the statutory authority or
           jurisdiction of the agency;
    (3)    Made upon unlawful procedure;
    (4)    Affected by other error of law;
    (5)    Clearly erroneous in view of the reliable, probative,
           and substantial evidence on the whole record; or
    (6)    Arbitrary, or capricious, or characterized by
           abuse of discretion or clearly unwarranted
           exercise of discretion.

(Emphases added). In short, the circuit court in the instant case has not yet rendered a final decision and entered a final judgment in Ducosin's administrative appeal.

HRS § 641-1(a) does not authorize appeals directly from administrative agencies. Appeals from a civil circuit court case under HRS § 641-1(a) "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document.." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). On February 5, 2018, the circuit court clerk filed the record on appeal for Ducosin's appeal in CAAP-17-0000905, which does not contain a final judgment in Civil No. 16-1-2230-12. Therefore, under the holding in Jenkins, we must dismiss CAAP-17-0000905 for lack of appellate jurisdiction.[1/]

Michael J. Green is listed in the record on appeal as Ducosin's counsel of record, presumably because the circuit court issued an order (and subsequently an amended order) that purported to "grant" Green's Oral Special Appearance on behalf of Ducosin without explaining what such a special appearance was for, how it was authorized, or what it was intended to reflect

---

[1/] Furthermore, we lack the authority to remand the case to the circuit court with instructions to enter an appealable final judgment because the record indicates that the circuit court has not yet announced its final decision on the merits of Ducosin's administrative appeal from the Oahu Eviction Board's November 1, 2017 amended decision.

with regard to on-going representation of Ducosin. This appeal, however, was filed by a non-party named Dianne K. Hoapili aka Ku'uleimomo 'O Pa'ahao. Hoapili represents that she is not an attorney, but makes the filing as yet another "special appearance." Under HRS § 605-2 (2016) and HRS § 605-14 (2016), non-attorneys "are not permitted to act as attorneys and represent other natural persons in their causes." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979) (citation and footnote omitted). "Any person violating sections 605-14 to 605-16 shall be guilty of a misdemeanor." HRS § 605-17 (2016). If a licensed attorney does not represent Ducosin in court proceedings, then Ducosin herself must sign and file all of her court documents; otherwise, any such documents signed by a non-attorney are invalid.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000905 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-17-0000905 are dismissed as moot.

DATED: Honolulu, Hawai'i, February 26, 2018.

Presiding Judge

Associate Judge

Associate Judge

-4-